UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LAWRENCE PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:14-cv-00923-TWP-MPB |
| | ) | |
| MR. DEITER, et. al, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Motion for Summary Judgment**

This matter is before the Court on a Motion for Summary Judgment filed by the Defendants, Mr. Deiter, Chris Morrison, Mr. Sandman, Mr. Gray and Becca Remillard, (collectively "the Defendants"). (Dkt. 27). Plaintiff, Lawrence Peterson, an inmate at the Plainfield Correctional Facility, brought this civil rights action alleging retaliation, against the Defendants, all of whom worked for Marion County Community Corrections at the Duvall Residential Center—a correctional facility.

Inmates who are unhappy with aspects of their prison confinement are required to exhaust available administrative remedies before turning to the Court. 42 U.S.C. § 1997(e)(a); *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). Failure to exhaust is an affirmative defense that the defendants must prove. *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008). The Defendants have included such defense in their answer to the complaint of plaintiff Lawrence Peterson. The assertion of this affirmative defense has been followed with the filing of the Defendants' motion for summary judgment. Peterson has not responded to the motion for summary judgment, which is now ripe for decision.

Having considered the pleadings, the motion for summary judgment and the evidentiary material on which such motion is based, the Court now finds for the reasons explained in this Entry that the Defendants' motion for summary judgment must be **granted.**

## I. Background

The Duvall Residence Center ("Duvall") is a work-release center in Indianapolis operated under contract with the Indiana Department of Correction ("IDOC"). Peterson is a convicted offender who was confined at Duvall from January 15, 2014 to May 1, 2014. At the relevant time period, each of the Defendants were employed at Duvall.

Peterson alleges in his amended complaint that he was threatened with discipline if he did not agree to withdraw grievances he had filed about conditions at Duvall and that he was transferred to a regular Indiana prison when he refused to do so. He seeks compensatory and punitive damages.

## II. Summary Judgment Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed.R.Civ.P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive

determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

Peterson has not opposed the motion for summary judgment. The consequence of his failure to do so is that he has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

### III. Discussion

The substantive law applicable to the motion for summary judgment in this case is the Prison Litigation Reform Act ("PLRA"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524–25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). "[T]he status of the plaintiff at the time he brings his suit" determines whether the plaintiff is a prisoner subject to the PLRA's exhaustion requirements. *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* The state's procedural

rules establish the contours of the exhaustion requirement. *Jones v. Bock*, 549 U.S. 199, 218 (2007).

On June 9, 1989, Peterson was sentenced to a 50-year term in an Indiana state court for committing burglary and committing theft. Peterson was sent to Duvall on January 15, 2014, to serve out the rest of his sentence via a work-release. He did not, however, remain at Duvall until that time. This action was filed on June 6, 2014, by which time Peterson was confined at the Plainfield Correctional Facility, an Indiana prison. Thus, Peterson was a "prisoner" as defined by 28 U.S.C. § 1915(h) at the time this action was filed and the PLRA's exhaustion requirement applied to him and to his claims in this lawsuit.

There was a written grievance policy in place at the time of Peterson's residence at Duvall (hereafter "the grievance policy"). The grievance policy is set forth in a Duvall *Resident Handbook*, a copy of which Peterson received. The alleged treatment to which Peterson was subjected and which form the bases of his claims is grievable under the grievance policy. The grievance policy first requires an attempt to informally resolve the resident's concern via a message card which will be directed to the appropriate staff member. If this does not lead to resolution, the resident is then required to file a formal grievance by submitting a Grievance Form to the Residential Programs Coordinator. If a resident is not satisfied with the response to the Grievance, an appeal may be submitted to the Center Director within seven days of the receipt of the response. The Center Director's decision is the final administrative step.

Peterson never filed a grievance during his stay at Duvall. This includes the fact that while at Duvall he did not file a grievance concerning any of the treatment or conditions associated with the claims he asserts in this case. Accordingly, it is undisputed that Peterson failed to both initiate

and complete the exhaustion process available to him at Duvall. *See Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004) (inmate must "take all steps prescribed by the prison's grievance system").

### IV. Conclusion

In seeking summary judgment, the defendants met their initial burden under Rule 56. This shifted the burden to Peterson to "set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). Peterson did nothing to meet that burden, nor did he attempt to do so.

Although not depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement of the PLRA requires dismissal of any case in which an available administrative remedy has not been exhausted. *Massey v. Wheeler*, 221 F.3d 1030 (7th Cir. 2000). Dismissal of a complaint pursuant to 42 U.S.C. § 1997e(a) should be without prejudice. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d at 534.

Based on the foregoing, therefore, the Defendants' Motion for Summary Judgment is **GRANTED**, (Dkt. 27) and this action must be dismissed without prejudice.

Judgment consistent with this Entry shall now issue.

SO ORDERED.

Date: 2/8/2016

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LAWRENCE PETERSON
2720 Anna Lane
Indianapolis, IN 46205

Electronically Registered Counsel